IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL L. HARRIS,

    Petitioner,                                     CASE NO. 2:11-CV-376
                                                          JUDGE MARBLEY
        v.                                           MAGISTRATE JUDGE KING

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On February 2, 2012, the United States Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation*, Doc. No. 21. Petitioner has filed objections to that recommendation. *Objection*, Doc. No. 22. Having considered the matter *de novo, see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b), Petitioner's objections are **OVERRULED**.

As his single ground for federal habeas corpus relief, Petitioner asserts that he was denied a fair trial and was convicted in violation of his right to a speedy trial due to excessive pre-indictment delay. In objecting to the recommendation that the action be dismissed. Petitioner raises all of the same arguments that he previously presented. Specifically, Petitioner asserts that the state court's decision rejecting his claim contravened or unreasonably applied *United States v. Lovasco*, 431 U.S. 783, 790 (1977), and was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. 2254(d), (e). Petitioner complains that the government had no valid justification for the twenty-one year delay in bringing charges against him. Moreover, Petitioner contends that requiring him to show that the government sought a tactical advantage by delaying the filing of charges in order to establish a due process violation creates an unfair and

"insurmountable burden" on the criminal defendant. *Objection*, at 4. Petitioner suggests the Court should take into account his difficulty in establishing prejudice due to the length of the government's delay. Petitioner additionally argues that he has, in any event, established such substantial prejudice, as witnesses and evidence that would have supported his defense were no longer available at the time of trial.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded that the record warrants habeas corpus relief. *See Harrington v. Richter*, – U.S. –, –, 131 S.Ct. 770, 786 (2011). Petitioner has failed to meet his burden of establishing that the state appellate court's factual findings were unreasonable. Moreover, *Lovasco* requires dismissal of charges based on pre-indictment delay only where the defendant establishes that he was substantially prejudiced by the delay and that the delay evidenced an intentional effort on the part of the government to gain a tactical advantage. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992)(citations omitted). In view of the record, this Court is unable to conclude that Petitioner has met this standard here. Petitioner's objections, therefore, are **OVERRULED.**

**WHEREUPON** Petitioner's objections, Doc. No. 22, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner also seeks a certificate of appealability. Where a claim is dismissed on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 489 (2000). To make a

substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

This Court is persuaded that Petitioner has made such a showing here. Therefore, Petitioenr's request for a certificate of appealabilty is **GRANTED.** The Court certifies the following issue for appeal:

> Was Petitioner denied his right to a speedy trial due to excessive pre-indictment delay?

Petitioner's request to proceed on appeal *in forma pauperis* is **DENIED** without prejudice to renewal upon submission of his financial affidavit indicating his inability to pay the filing fee required for the appeal. *See* Fed. R. App. P. 24(a)(1).


    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge